JAMES STRYKER *v.* ABRAHAM C. BEEKMAM & WILLIAM LITTLE.

In an action brought by A. upon a sealed bill drawn by the defendants, payable to A. as the "agent of the creditors of B." the defendants cannot set off a sealed bill drawn by B. in favor of C. and assigned to them before the commencement of the suit.

This case came before the court upon the following state of the facts agreed upon by the parties.

"The defendants executed and delivered to the plaintiff a certain sealed bill, dated the 11th of December, 1821, whereby they promised to pay to James Stryker, agent for the creditors of Abraham T. Skillman or assigns, the sum of $222.13, in six months after the date thereof, upon which this suit is brought. Abraham T. Skillman having become embarrassed in his circumstances, and unable to pay his debts, did on or about the thirtieth day of October, 1821, surrender and deliver all his property to the plaintiff for the benefit of his creditors, and then and there delivered to the plaintiff an inventory of his property signed by him, which inventory does not specify the sealed bill held by the plaintiff or any interest of Skillman in it; and the creditors of said Skillman, (except John Stryker) executed an instrument of writing, dated the day and year last aforesaid, under their hands and seals in and by which they accepted

of said surrender for their benefit as aforesaid. But the said John Stryker then and there refused to sign said instrument and comply with the arrangement. The plaintiff took possession of said property. Afterwards the said creditors of Abraham T. Skillman, (except the said John Stryker who had refused to come in under the assignment) agreed to accept their rateable proportions respectively of the proceeds of said property in satisfaction of their demands, which greatly exceeded the value of said property. On the eleventh day of December, 1821, the plaintiff with the assent of said Skillman and his said creditors (except said John Stryker,) made a vendue of said property, and among the rest of a certain negro slave delivered to him as aforesaid; at which vendue the defendant, Abraham C. Beekman, purchased said slave, and to secure the purchase money the sealed bill above mentioned was given.

"That afterwards on the thirtieth of March, 1822, the said Abraham T. Skillman being insolvent as aforesaid, made an assignment of "all his real and personal estate, and all his rights and credits, claims and demands whatsoever in law and equity;" in trust for his creditors, to the plaintiff, who has advertised and proceeded thereupon (*pro ut* the same). That the said Abraham T. Skillman was indebted to the said John Stryker for the amount of a certain sealed bill, given by him to the said John Stryker, for two hundred dollars, dated twenty-fourth March, 1820, which was assigned to Abraham C. Beekman, and afterwards on the twenty-ninth day of August, 1822, and before the commencement of this suit, the name of William Little, was inserted in the assignment with the consent of the assingor and assignee. If the court shall be of opinion that the claim of the defendants on the sealed bill assigned to them, is not in law a set off in this suit against the claim of the plaintiff, then judgment in the proper form is to be rendered in favor of the plaintiff for the amount due upon his said sealed bill with interest and costs, and if they shall be of opinion that the

said claim of the defendants is a legal set off, then judgment, is to be rendered 'in favor of the plaintiff for the balance due upon his said sealed bill after deducting therefrom the principal and interest due upon the said sealed bill assigned to the defendants as aforesaid. Liberty reserved for either. party to turn this case into a special verdict and bring a writ of error thereon."

Wood, for the plaintiff, and Vroom, for the defendant.

The opinion of the court was delivered by

EWING, C. J.   This case comes before us on a state of the facts agreed upon by the parties.

Abraham T. Skillman having become embarrassed in his affairs, assigned and delivered on the 30th of October, 1821, to James Stryker, the plaintiff, all his property for the benefit of his creditors, to be void unless acceded to by all his creditors, and in force on condition of their executing a release to him.   All of them accepted the surrender on these terms except John Stryker.   Afterwards all the creditors, except the said John Stryker, agreed, with the assent of Skillman, that the property should be sold, and that they would receive their rateable proportions of the proceeds of the sales, in satisfaction of their debts, which greatly exceeded the value of the property.   On the 11th of December, 1821, the plaintiff made a vendue, at which Abraham C. Beekman purchased a negro slave, and for the purchase money he and William Little gave their sealed bill, whereby they promised to pay to James Stryker, agent for the creditors of Abraham T. Skillman, or assigns, the sum of $222.13 in six months after the date thereof.

On the 30th March, 1822, Abraham T. Skillman made an assignment to the plaintiff, in trust for all his creditors, of all his property, real and personal, agreeably to the act

regulating assignments, accompanied by an inventory which however does not specify the sealed bill held by the plaintiff or any interest of Skillman in it.

The present suit is brought upon the above mentioned sealed bill, and the defendants claim to set off the amount of a certain other sealed bill, given by the said Abraham T. Skillman to the said John Stryker, for $200, dated 24th March, 1820, and assigned to the defendants on the 29th August, 1822, before the commencement of this suit.

The legality of this set off is the question presented to us by the agreement of the parties.

The practice of set off is wise, salutary and to be favored. saving litigation and expense and avoiding multiplicity of suits, and it is a fact worthy of note in the history of jurisprudence, that our act introducing this useful measure, 5th May, 1722, 1 *Nevil*, 98, precedes by six years the English statute, 2 *Geo.* 2, *ch.* 22. In the view, however, which I take of the present case an investigation of the legal doctrines on this subject is unnecessary to its determination.

The principle on which the set off is claimed by the defendants is that the equitable interest of the sealed bill on which the suit is brought is in Abraham T. Skillman, and not in his creditors, and that James Stryker is a trustee as to the money mentioned in it for him, not them, because the assignment of October, 1821, is said to be void not only from want of the accession of all the creditors, but by force of the act of 23d February, 1820, *Rev. Laws* 674, and that a set off of a demand against a *cestui que* trust is admissible.

The first inquiry then is, whether the equitable interest is in Skillman, and if this be resolved in the negative, it is not necessary to examine the other legal positions requisite to sustain the set off. If the assignment of October, 1821, or the subsequent agreement and sale is valid it is conceded by the defendants' counsel, that the equitable interest is according to the terms of the sealed bill in the creditors. If not valid, then it is contended that interest is in Skill-

man. But on the 30th March, 1822, he conveyed all his real and personal estate to the plaintiff, pursuant to the act of February, 1820, regulating assignments. By the second section of that act, the inventory exhibited by the debtor is in no wise conclusive as to his estate, but the assignee shall be entitled to any other property which may belong to the debtor at the time of making the assignment and comprehended within its general terms, which in the present case are as follows: "All and singular his real and personal estate and all ·his rights and credits, claims and demands whatsoever, in law and equity:" and by the 13th section the assignee is authorized to sue for and recover everything belonging to the estate, real and personal of the debtor. Hence if the equitable interest was in Skillman, on the 30th of March, 1822, by reason of the invalidity of the previous transactions, such interest was by the assignment of that date completely transferred to the plaintiff for the benefit of the creditors, and consequently at and for months before the assignment to the defendants of the sealed bill they seek to set off, the plaintiff was the trustee, not for Abraham T. Skillman, but for his creditors.

The set off therefore is inadmissible and according to the agreement of the parties, judgment should be entered for the plaintiff for the amount of the sealed bill declared on with interest and costs.